IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40067
Conference Calendar
_____

MARCUS TAYLOR,

Plaintiff-Appellant,

versus

CAROL VANCE ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:95-CV-365
- - - - - - - - - -
February 11, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Marcus Taylor, Texas prisoner # 544599, filed a prisoner civil rights complaint under 42 U.S.C. § 1983 against Texas Department of Criminal Justice (TDCJ) Board Chairman Carol Vance, TDCJ Director Wayne Scott, Warden James Shaw, Major A.E. Hickson, Captain Mark Tomblin, and Sergeant Billy Fly. Taylor alleged that the defendants were aware that he was in danger from other inmates and took no action to protect him. Taylor alleged that

_____

[*]This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he and other inmates were strip-searched and placed in handcuffs and leg irons to be transported on a prison bus. While on the bus, several of the inmates escaped from their restraints and beat Taylor causing a head wound requiring 23 stitches.

The parties consented to proceed before the magistrate judge. The magistrate judge found that Taylor had "failed to raise a genuine issue of material fact as to whether the defendants knew of and disregarded a substantial risk of harm to the plaintiff." A grant of summary judgment is reviewed de novo. Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995).

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). However, not every injury "by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834.

Taylor has failed to submit evidence showing that the defendants knew or should have known that placing him on the bus posed a substantial risk of harm to him. Taylor has at most alleged negligence on the part of unnamed guards in searching the other inmates on the bus. Also, prison officials had already segregated Taylor from any other inmates that were attempting to harm him. With respect to Taylor's claim that he was verbally threatened by a prison guard, he has failed to state a constitutional violation. The magistrate judge did not err in granting the defendants' motion for summary judgment because there is no genuine issue of material fact requiring a trial.

AFFIRMED.